FLORENSAN & TRUBLARD *v.* GUANICA CENTRAL.

APPEAL from the District Court of Ponce.

No. 40.—Decided February 20, 1906.

CONTRACTS—NONCOMPLIANCE.—Where a party to a contract fails to comply with the stipulations therein contained he is without a cause of action to recover for services rendered thereunder.

ID.—CONTRACT TO CONSTRUCT BUILDING AT CONTRACT OR FIXED PRICE.—Where in a contract to construct a building at a contract or fixed price it is stipulated that after a specified time subsequent to the completion of the building, the contractor shall be paid the deferred installment of the price, provided the work is performed in the manner agreed upon, such a stipulation cannot be construed to mean that the liability of the contractor shall cease upon the expiration of such time, and his liability will continue to exist during the period provided for by section 1494 of the Civil Code.

ID.—OBLIGATIONS.—Obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations.

The facts are stated in the opinion.

*Mr. López de Tord* for appellant.

*Mr. Hawkins* for respondent.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

On February 13, 1904, Odon Florensan and Fernando Trublard, partners doing business under the firm name of Forensan & Trubland, and the Guanica Central, a corporation legally organized to carry on an industrial and agricultural business, the latter represented by its manager, Mr. A. Greef, executed a contract, a literal copy of which reads as follows:

"Contract between Guanica Central and Messrs. Florensan & Trublard to completely stop the filtration of water into the two masonry pump houses of the large and small irrigation pumps of Santa Rita.

"1. Messrs. Florensan & Trubland guarantee to completely stop the filtration of water into the two said masonry buildings.

"2. Messrs. Florensan & Trubland shall furnish all the materials and supplies necessary for the completion of the said work, except two small pumps (Edison) which shall be furnished by the central.

"3. Should it become necessary to remove any piece of machinery the same shall be removed at the expense of the Guanica Central.

"4. For this work the Guanica Central agrees to pay to Messrs. Florensan & Trubland the sum of $900 (nine hundred dollars) in the following manner: $700 (seven hundred dollars) upon the completion of the work, and the balance of $200 (two hundred dollars) after the spring rains are over, in order to see whether the work has been done as per guarantee.—Guanica Central, by A. Greef, manager; Florensan & Trubland."

Months later, that is to say, on October 27th of the same year, Florensan & Trublard, through their attorney, Julio M. Padilla, Esq., filed a complaint in the District Court of Ponce, which is the origin of this suit, wherein the contract above quoted was set out, and alleging that notwithstanding the fact that they had duly complied with the conditions therein stipulated the Guanica Central unjustly retained the balance of the price agreed upon, and they prayed the court to adjudge the defendant company to pay the $900 which was the price stipulated in the contract, and $20 additional, which was the cost of extra work necessarily done on one of the buildings, together with legal interest and the costs.

In its answer the defendant company denied that it owed Florensan & Trublard any sum whatsoever, they having failed to comply with the obligation assumed in the contract to completely prevent the filtration of water into the pump-house on the Santa Rita plantation. That the filtration continued to as great an extent as before, owing no doubt to the kind of construction employed, which was the building of a wall on the

inside of the house, contiguous to the original wall, but leaving a space of about 4 inches between them, which did not prevent the filtration of the water, and reduced the interior space of the pump-house, making it less adaptable to the purpose for which it was designed. For these reasons, as soon as the manager of the defendant company became informed as to the manner in which the said work was performed, he notified the plaintiffs of his dissatisfaction with the same, and advised them that the company would not accept the work because it did not fulfill the requirements stipulated in the contract.

It further stated that although the company agreed to pay the plaintiffs the $20 claimed for extra work done by them on one of the buildings, inasmuch as this work was done in connection with the other principal work, the said $20 could not be considered due until after the completion and delivery of the work to the satisfaction of the defendant company.

That for the reasons stated, the company considered that not only was it not indebted to the plaintiffs, Florensan & Trublard, in any sum whatever, but that they should indemnify the company for the damage caused it by their delay in the execution of the work, because they having agreed by an additional stipulation, although not in writing, to complete and deliver the buildings within one week from the date of the contract, they delayed the same for several months, during which time the company was unablel to irrigate its plantations, whereby they had caused the company damages estimated at $1,500, and $200 more calculated to be the cost of demolishing the building done. And the answer finally prayed that the complaint be dismissed, and that the plaintiffs be adjudged, under the cross-complaint, to pay the defendant the $1,700 claimed, and the costs.

After the hearing was had and the evidence taken, the District Court of Ponce rendered the following judgment:

"*Judgment.*—Case number 215. *Florensan & Trubland,* Attorney Padilla, v. *La. Guanica Centrale,* Attorney Rodríguez. The hearing in this case having been held on the 7th day of the present month

of February, 1905, the parties appearing through their respective counsel, Mr. Carlos López de Tord and Mr. Hunt, and Mr. Gustavo Rodríguez, in open court, both parties announced that they were ready for trial; and the court, after hearing the reading of the complaint and the answer, and the cross-complaint, and after hearing the evidence introduced by both parties, at their request they were allowed until the 17th of the present month to file their written briefs, the same having been filed, the court is of opinion that the law and the facts are in favor of the defendant under the complaint, and as to the cross-complaint, that the law and the facts are against the defendant; and therefore dismisses the complaint and the cross-complaint, with the costs, which amount to ———— against the plaintiff.   Judgment rendered in the city of Ponce, Porto Rico, this the 28th day of February, 1905, and entered on the same day and year.— Attest: Genaro Vidal, secretary district court.   Approved: J. Tous Soto, district judge.''

From this judgment counsel for the plaintiffs took an appeal, and afterwards presented to the court for approval a bill of exceptions and a statement of facts attempting to show the errors alleged to have been committed by the said court in its findings upon the evidence, which were in fact approved by Judge Tous Soto with the amendments made by the adverse party, and which were mutually accepted, as a true and exact statement of the facts; and these, together with the other documents in the record, duly certified by counsel for the appellants, were submitted to this Supreme Court for its decision of the appeal.

The appellants having entered an appearance and filed their brief in this Supreme Court, a day was set for the hearing which was duly had with the attendance of counsel for the parties, who made such oral arguments as they deemed proper in support of their rights.

Upon a consideration of the evidence taken, by an examination of the bill of exceptions and the statement of facts presented by the appellants and approved by Judge Tous Soto, judge of said court, it clearly appears that the plaintiffs, Florensan & Trublard, have not complied with the terms of the contract for the building involved in this case.

They bound themselves to completely stop the filtration of water into the buildings used as pump-houses for the large and small pumps on the Santa Rita plantation, and the filtration of the water has continued a short time after the delivery of the work executed by the contractors.

According to the testimony of the witnesses Isidro Casiano and Manuel Jenko, introduced by the plaintiffs, the work was commenced on February 15, 1904, and completed in the latter part of June of the same year; however, it appears from the testimony of the experts Silva and Noya, introduced by the parties, the former testifying for the plaintiffs, that at their request he had examined the work on January 22d of the following year—that is to say, six months after the same was completed—and had found some filtration of water into the interior of the building, through the union of the wall with the floor, from whence it passed through to the floor below; that he had also found water between the exterior and interior walls, and that by one day's work at most the filtration of the water could be prevented and the place would be perfectly dry. The expert Noya, introduced by the defendant company, testified that he visited the works in question a short time before the trial (which was held on February 7, 1905); that he found 18 inches of water on the inside of the building, and 8 feet 2 inches between the exterior and interior walls of the same building; that an examination of the interior walls constructed by the contractors, showed signs of moisture, and that along the whole extent of the walls at a considerable height there was an irregular line, above which the wall was of one color and below the same of a darker color.

This means that the filtration of the water into the buildings was not effectively stopped, as the contractors guaranteed to do, and therefore that the terms of the contract have not been complied with, and the contractors are without a cause of action to demand payment of the Guanica Central for their services.

It matters not that the witnesses Isidro Casiano, Manuel

Jenko, José Sierra, Miguel Brigante, Monserrate Martínez and Julio Rouvier, all introduced by the plaintiffs, testify that upon the conclusion of the work in the latter part of June, 1904, the place remained perfectly dry, because it is natural that it should have been so such a short time after the completion of the work. But it appears that after a short time the filtration of the water commenced again, and this is enough to show that the work executed did not fulfill the conditions stipulated, and therefore that the contract has not been complied with by the contractors.

And it cannot be successfully maintained, as the appellants seek to do, that the contract only bound Florensan & Trubland to prevent the filtration of water until after the spring rains, and that their liability ceased thereafter, inasmuch as their liability could not be unlimited in point of time, nor could any liability be assumed, when the damage and therefore the new filtrations might be the result of damage or mere negligence on the part of the persons in charge of the place.

This is not so. The contract bound them to completely stop the filtration of the water into the pump-houses of the large and small pumps on the Santa Rita plantation. This is what they bound themselves and guaranteed to do in the first clause of the contract. Although it was afterwards stated in the last clause of the contract that Guanica Central would pay the contractors $900 for their work, $700 upon the completion thereof, and the remaining $200 after the spring rains were over, in order that they might see whether the work had been done as they guaranteed to do it, owing to the fault of the contractors themselves, this condition could not be complied with, because the work was not completed until after the spring rains were over, and therefore it could not be shown whether or not the conditions stipulated in the contract had been complied with; nor was that condition stipulated as a term after the expiration of which the liability of the contractors would cease, but it was a condition compliance

with which would give them the right to receive the last installment of the price, without changing their liability, which if not limited to a specific period of time, as could have been done by the contractors, their liability must be considered as existing during the full time provided for by section 1494 of the Civil Code now in force, which fixes ten and fifteen years respectively as the periods of duration of the liability of a contractor constructing a building for a contract price, according to the circumstances of the case.

Therefore, if a short time after the buildings constructed by Florensan & Trublard, to prevent the filtration of water into the pump-houses on the Santa Rita plantation, it is seen that they do not meet the requirements stipulated in the contract, the contract has not been complied with, and the plaintiffs have no cause of action to recover from the defendant company for the payment of the price stipulated.

According to section 1058 of the Civil Code in force, "Obligations arising from contracts have legal force between the contracting parties, and must be fulfilled in accordance with their stipulations."

Wherefore, and in view of the other considerations herein set forth, the undersigned judge is of the opinion that the judgment appealed from should be affirmed with the costs against the appellants.

*Affirmed.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.